IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| RICHARD C. TOLBERT, | : | |
| Plaintiff | : | |
| VS. | : | CIVIL ACTION NO. 7:05-CV-111 (HL) |
| Captain DWIGHT A. PEETE, Jail Administrator; Lt. VINSON, | : | |
| Defendants | : | **RECOMMENDATION** |

Plaintiff **RICHARD C. TOLBERT**, formerly a pretrial detainee at the Lowndes County Jail in Valdosta, Georgia, filed a pro se civil rights complaint under 42 U.S.C. § 1983. He also seeks leave to proceed without prepayment of the filing fee or security therfor pursuant to 28 U.S.C. § 1915(a). In a separate Order entered on this date, the Court has granted his motion to proceed *in forma pauperis*.

## I. MOTION TO AMEND COMPLAINT

In addition to his original complaint, plaintiff has filed a "Supplemental Complaint" (R. at 3) in which he requests to add a claim. Plaintiff wishes to add the claim that on one particular day during his incarceration at the Lowndes County Jail, he was served a stale, unwrapped sandwich in a brown paper bag.

Because no responsive pleadings have been served, plaintiff is entitled to amend his complaint "once as a matter of course." Fed. R. Civ. P. 15 (a). Therefore, plaintiff's motion to supplement his complaint is **GRANTED** and the Undersigned addresses this claim below.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2), a federal court is required to dismiss an *in forma pauperis* complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous "where it lacks an arguable basis either in law or in fact." ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. ***Scheuer v. Rhodes***, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. ***See Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. ***Id***.

## III. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

### A. Various claims regarding plaintiff's conditions of confinement

Plaintiff makes the following allegations regarding the conditions of confinement at the Lowndes County Jail:

(1) Plaintiff, a pretrial detainee, has been placed in the same cell block as convicted felons and "mental health convicted prisoners"
(2) Seven days per week diabetics are served two slices of bread.
(3) Every day at lunch, the Lowndes County Jail offers the same kind of meat.
(4) Plaintiff was served a stale, unwrapped sandwich one day at lunch.
(5) There are bugs in the kitchen.

(6) Food is prepared by inmates "wearing dirty white caps."
(7) There is no electricity in the cells.
(8) Plaintiff was not given a rule book upon his arrival at the Lowndes County Jail.
(9) Plaintiff needs fresh air and recreation five times per week for two hours per day and is being denied such.  This allegedly results in pains in plaintiff's legs.
(10) Inmates are not allowed to seal out-going envelopes unless a member of the staff is present.

As plaintiff points out continually, he was a pretrial detainee, not a convicted felon, during his incarceration at the Lowndes County Jail.  The Eleventh Circuit Court of Appeals has held that "in regard to providing pretrial detainees with such basic necessities as food, living space, and medical care the minimum standard allowed by the due process clause is the same as that allowed by the [E]ighth [A]mendment for convicted persons."  **Hamm v. DeKalb County**, 774 F.2d 1567, 1574 (11th Cir.1985).  Under the Eighth Amendment (and the due process clause), prison officials have a duty to provide humane conditions of confinement and a duty to ensure that prisoners receive adequate food, clothing, shelter, and medical care.  *See* **Hudson v. McMillian**, 503 U.S. 1 (1992); **Hudson v. Palmer**, 468 U.S. 517 (1984).   However, the Supreme Court has made it clear that the Constitution requires neither than prisons be comfortable nor that they provide every amenity that one might find desirable.  **Rhodes v. Chapman**, 452 U.S. 337, 349 (1981).  To prevail on an Eighth Amendment claim (and a due process clause), plaintiff must demonstrate that (1) the deprivation alleged is, from an objective standpoint, "sufficiently serious"; and (2) that prison officials acted with "deliberate indifference," that is, the officials knew of and disregarded an excessive risk to inmate health and safety.  **Farmer v. Brennan,** 511 U.S. 825, 834 (1994).

With this standard in mind, the Undersigned finds that none of plaintiff's allegations, alone or in the aggregate, are sufficiently serious enough to implicate the Constitution.  Moreover, the Court notes that plaintiff has not suffered any type of physical injuries from most of the deprivations

he alleges.[1]  42 U.S.C. § 1997e(e) provides as follows: "No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury."  *See also Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).  As plaintiff's allegations are not sufficiently serious enough to implicate the Constitution and as he has sustained no physical injuries, these claims are not actionable under 42 U.S.C. § 1983.

For these reasons, the Undersigned **RECOMMENDS** that plaintiff's claims regarding his conditions of confinement be dismissed.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

B.  Claims involving the Equal Protection Clause

On page five in his original complaint, Plaintiff simply states that he "claims Equal Protection violations."  Later in his complaint on page seven, Plaintiff states that "the allowance of some to wear sneakers while others are not allowed violate[s] Equal Protection."

Bald assertions that the prison officials are violating the Equal Protection clause, without any facts to back up such assertions, will not support a §1983 claim.  Moreover, there is no constitutional right to wear sneakers and the fact that plaintiff is not able to do so does not amount to a constitutional violation.  *See Damiano v. Florida Parole and Probation Commission*, 785 F.2d 929

---

[1] The only possible physical injury that plaintiff alleges is pain in his legs due to a lack of physical recreation.  Plaintiff has not shown this pain is sufficiently serious" enough to implicate the Constitution.  *See Farmer v. Brennan*, 511 U.S. 835 (1994); *Hawley v. Evans*, 716 F. Supp 601, 603 (N. D. Ga. 1989)(explaining that [t]o state a clam of constitutional magnitude for the denial of medical care and treatment, the plaintiff must show that the defendants were deliberately indifferent to [his] **serious** medical needs)(emphasis added).

(11th Cir.1986) (finding that inmate must establish that he is similarly situated to another who has received the desired treatment and that he has been invidiously discriminated against on the basis of a constitutionally protected interest).

For these reasons, the Undersigned **RECOMMENDS** that plaintiff's claims regarding his conditions of confinement be dismissed.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

**SO RECOMMENDED**, this 31st day of March, 2006.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

lnb